**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

DARRIN COATS,

    Petitioner,

v.                                                                                    Civil No. 2:07-CV-12043-DT

CINDI CURTIN,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Darrin Coats, ("Petitioner"), presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his conviction for first-degree murder,[2] and possession of a firearm in the commission of

---

[1] When Petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Oaks Correctional Facility. Since filing his application for habeas relief, Petitioner has been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (citing *Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the court would order that the caption of the case be amended to reflect that the proper respondent in this case is Debra Scutt, the warden of Cotton Correctional Facility, the current location of Petitioner. However, because the court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 06-cv-14240, 2007 WL 2225887, * 1, n.1 (E.D. Mich. August 1, 2007).

[2] Mich. Comp. Laws § 750.316; Mich. Stat. Ann. 28.548.

1

a felony.[3]  Respondent has filed a motion to dismiss, contending that the petition is untimely, in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner has not filed a response to the motion to dismiss.  For the reasons stated below, the petition for writ of habeas corpus is dismissed.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This court recites verbatim the relevant facts as discussed by the Michigan Court of Appeals' opinion affirming Petitioner's conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> The charges against defendant arose out of the shooting death of James Harrison, Jr.  Rebecca Chappelle testified that on July 18, 1997, she saw defendant and the victim arguing at Second and Peterboro.  She heard defendant say that he would kill the victim.  A pregnant, black female approached defendant, and defendant took a gun out of her bag and shot the victim.  Chappelle did not know the female.
>
> Robert Blount testified that on the afternoon of July 18th, he saw the victim running at defendant.  Defendant had a stick and the victim had a brick.  Defendant told a woman named Becky to go and get this woman and get his gap, or gun.  A few minutes later, a woman arrived and defendant took a long handgun out of her purse.  Defendant started firing at the victim, and he fell in the street. The victim was unarmed.
>
> Defendant testified that he knew Rebecca Chappelle, but he did not know the victim or Robert Blount.  On July 18th, he was at Children's Hospital with his two year old son, who had asthma.  They arrived at two in the morning and stayed until three the next day.  His girlfriend was pregnant at the time.  Defendant admitted to selling drugs in the area of Second and Peterboro.  The jury convicted defendant as charged.

---

[3]  Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

*People v. Coats,* No. 213418, 2000 WL 33418088, * 1 (Mich. Ct. App. June 23, 2000). Petitioner's direct appeals with the Michigan courts ended on December 27, 2000, when the Michigan Supreme Court denied Petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Coats,* 620 N.W.2d 854 (Mich. 2000).

On July 28, 2003, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction application, collateral review of Petitioner's conviction ended in the state courts on October 31, 2006, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Coats,* 722 N.W.2d 846 (Mich. 2006).

Petitioner filed a habeas petition on April 17, 2007, which was assigned to this court. The case was dismissed without prejudice for Petitioner's failure to cure a deficiency in his filing. *See Coats v. Curtin,* No. 07-CV-11698, 2007 WL 1500108 (E.D. Mich. May 22, 2007). On or about May 10, 2007, Petitioner then re-filed his habeas petition under case number 07-CV-12043, challenging the same conviction and raising the same three issues. Petitioner's second habeas case was assigned initially to Judge Denise Page Hood, but was subsequently reassigned to this court as a companion case. Petitioner subsequently filed a third habeas petition, assigned initially to Judge Paul Gadola, challenging the same conviction and raising two of the same issues, with the third issue involving equitable tolling and newly discovered evidence. On November 27, 2007, this court ordered that the two cases be consolidated before this court. *See Coats v. Curtin,* No. 07-CV-13725, 2007 WL 4181658 (E.D. Mich. November 27, 2007).

## II. DISCUSSION

3

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. Title 28 of the United States Code, section 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

In the present case, the direct review of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 27, 2000. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one year limitations period, on the date that the ninety day time period for seeking certiorari with the United States Supreme Court expired.

4

*Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on March 27, 2001, when he failed to file a petition for writ of certiorari with the Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner therefore had until March 27, 2002 to timely file his petition with the federal court, unless the limitations period was somehow tolled.

Petitioner claims that he received an affidavit from Tyrell Braxton dated June 18, 2001, which allegedly exonerates him of the murder. Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tenn. Bd. of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. App'x. 801, 804 (6th Cir. 2002).

Assuming that the commencement of the limitations period in this case was delayed by the provisions of § 2244(d)(1)(D), the one year limitations period would commence, at the very latest, on June 18, 2001, when Petitioner obtained Braxton's affidavit. Even if this court were to give Petitioner the benefit of § 2244(d)(1)(D) in calculating the limitations period, Petitioner would only have until June 18, 2002 to file a timely application for habeas relief with this court unless the limitations period was otherwise tolled.

Petitioner filed his post-conviction motion with the state courts on July 28, 2003, after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner could not exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

In the petition for a writ of habeas corpus that he initially filed before Judge Gadola, Petitioner argues that the limitations period should be equitably tolled, because he attempted to file his post-conviction motion in July of 2001 and, therefore, the statute of limitations should be tolled from that date.

Petitioner claims that months after mailing his motion he wrote the Wayne County Circuit Court to ask whether his motion had been filed. On January 8, 2002, Petitioner received a letter from "Daniel Rucker, Director, Building & Facilities Management," stating:

> Dear Mr. Coats,
>
> Your letter of January 8, 2002 has been received. The records of the Wayne County Clerk do not reflect the receipt of your motion. However, Judge Townsend's court does have the motion.

Petitioner then claims that "after inquiring further," he received a November 8, 2002 letter from "Jacqueline Walker, Typist" at the Wayne County Clerk's Office stating:

> Dear Mr. Coats,
>
> Sorry, for taking so long to answer your letter. After careful review of your court file, I did not see your motion in it. You said someone from the court wrote you and said they did receive it; perhaps you will need to write that person for assistance. Also, you can resubmit your motion to me and I will forward it to the judge and write you back to let you know I did it.

Instead of resubmitting his motion, Petitioner claims that he wrote to Mr. Rucker and on December 3, 2002, received a letter from "D. Henderson, Third Circuit Criminal Division" stating:

> Dear Mr. Coats,
>
> Your letter to Mr. Rucker has been received. Please be advised that Mr. Rucker retired from The Third Circuit Court October 1, 2002. All documents addressed to Mr. Rucker will be forwarded to Judge Leonard

7

Townsend for response.

Petitioner claims that he finally decided to resubmit his post-conviction motion on July 28, 2003. Petitioner attaches copies of the above three letters to his petition that was originally filed under case number 07-CV-13725 as Attachments E, F, and G.

As an initial matter, petitioner would be unable to avail himself of the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266, 276 (1988) to argue that his state post-conviction motion for relief from judgment was filed with the state courts, for purposes of § 2244(d)(2), when he allegedly handed his motion to his prison counselor for mailing. Michigan does not recognize the prison mailbox rule, *See Moore v. Mich. Dep't of Corr.*, 615 N.W.2d 212, 213 (Mich. 2000) (Corrigan, J., concurring); *Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 172-73 (Mich. Ct. App. 1997), nor is it mandated by the federal constitution. The Supreme Court in *Houston* did not hold that the prison mailbox rule was constitutionally required. The rationale of *Houston* was not constitutional or equitable in nature; instead, it was based on an interpretation of the word 'filed' in the federal rule and statute governing the timeliness of notices of appeal. *Jenkins v. Burtzloff*, 69 F. 3d 460, 461 (10th Cir. 1995). The federal mailbox rule therefore cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading had been timely filed, where the mailbox rule has been rejected by that state's appellate courts. *See Vroman v. Brigano,* 346 F. 3d 598, 603-04 (6th Cir. 2003).

In addition, Petitioner is not entitled to equitable tolling, because there is no indication that Petitioner took any steps other than writing letters to the Wayne County Circuit Court. Petitioner could have called that court by telephone or sought assistance

from relatives or friends who could have gone to the court personally to ascertain whether the motion had been filed. *See Drew v. Department of Corrections,* 297 F. 3d 1278, 1289 (11th Cir. 2002).

More importantly, Petitioner is not entitled to equitable tolling of the limitations period because he has failed to show that he acted with due diligence in refiling his motion for relief from judgment with the trial court. Petitioner wrote his last letter to the Wayne County Circuit Court on December 3, 2002 to inquire about the status of his post-conviction motion. Petitioner waited until almost eight months later on July 28, 2003 to resubmit his post-conviction motion to the trial court. Petitioner offers no reasons why it took him almost eight months from the receipt of the last letter from the Wayne County Circuit Court to refile his second motion for relief from judgment.

In *Johnson v. McCaughtry,* 265 F. 3d 559, 565 (7th Cir. 2001), the Seventh Circuit held that a habeas petitioner was not entitled to equitable tolling based on the fact that the state courts had erred in dismissing his first two state post-conviction petitions on the grounds that they had been filed in the improper forum, when the petitioner waited 107 days after the dismissal of the first state petition and 47 days after dismissal of the second petition to refile essentially the same petition.

In *Webb v. Cason*, No. 02-CV-72788, 2003 WL 21355910, * 5-6 (E.D. Mich. May 30, 2003); *aff'd* 115 Fed. App'x 313 (6th Cir. 2004); *cert. den.* 545 U.S. 1120 (2005), this court relied on the holding in *Johnson v. McCaughtry, supra,* to reject a similar equitable tolling argument as raised by Petitioner in this case. In *Webb*, this court concluded that the petitioner was not entitled to equitable tolling when his original post-conviction motion had been misplaced by the Detroit Recorder's Court and petitioner offered no

9

explanation as to why he waited over one year to refile his motion for relief from judgment, demonstrating a lack of due diligence. *Id.*

Other courts have rejected similar equitable tolling arguments where the petitioner failed to exercise due diligence in pursuing either federal or state post-conviction relief. *See Coleman v. Johnson,* 184 F. 3d 398, 402-03 (5th Cir. 1999) (state prisoner not entitled to equitable tolling of limitations period for the seven week gap between the date he submitted his state post-conviction motion for post-conviction relief to prison officials for mailing to the date that the post-conviction motion was time-stamped as filed, where the prisoner waited approximately six months after the denial of the state post-conviction motion before filing his federal habeas petition in federal court; petitioner did not diligently pursue federal habeas relief by expediently filing his habeas petition); *Fernandez v. Cockrell,* No. 01-CV-1270-D, 2002 WL 1776927, * 3 (N.D. Tex. July 29, 2002) (nearly four month gap between date that petitioner claimed that he placed his state application for post-conviction relief in prison mail system and date on which application was marked as filed did not warrant equitable tolling, given petitioner's unexplained delay of eight months in seeking state post-conviction relief). Because Petitioner did not act with due diligence in resubmitting his motion for relief from judgment to the state courts, he is not entitled to equitable tolling on that basis.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at

10

590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In his first claim, Petitioner contends that counsel was ineffective for failing to call various witnesses to provide an alibi defense for him. Petitioner, however, provided an alibi defense at trial by testifying that he was at Children's Hospital with his son at the time of the shooting. Petitioner's allegation that these additional alibi witnesses would have corroborated Petitioner's alibi defense is insufficient to demonstrate actual innocence, because it would be merely corroborating evidence and would be entirely speculative. *See Hickmon v. Mahaffey,* 28 Fed. Appx. 856, 858 (10th Cir. 2001) (*citing to Stafford v. Saffle*, 34 F. 3d 1557, 1561-62 (10th Cir.1994)).

Petitioner also claims that he has newly discovered evidence from Tyrell Braxton, in which Braxton claims that he witnessed someone other than Petitioner shoot the victim. The court notes that Braxton did not sign this affidavit until June 18, 2001, some three years after Petitioner was convicted of the murder. Braxton was incarcerated at the Chippewa Correctional Facility at the time that he signed the affidavit. A long-

delayed affidavit like Braxton's, seeking to exonerate a habeas petitioner and shift the blame for the crime to another person, is "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993).  Furthermore, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup,* 513 U.S. at 332.  Because Braxton did not execute this affidavit until three years after the crime, and while he himself was incarcerated, the court does not consider this affidavit reliable evidence of Petitioner's innocence.

More importantly, Rebbecca Chappelle and Robert Blount both testified that they witnessed Petitioner shoot the victim.  In light of the testimony from these two witnesses, Petitioner has failed to show that Braxton's statement, which he claims would establish that someone else might have murdered the victim, would establish his actual innocence so as to toll the AEDPA's limitations period, because a finder of fact could still have chosen to credit the testimony of all of the inculpatory evidence against Petitioner in this case. *See Chhoeum v. Shannon,* 219 F. Supp. 2d 649, 654-55 (E.D. Pa. 2002) (petitioner failed to show that the testimony of two witnesses, who did not testify, identifying someone else as the shooter, established his actual innocence to toll the AEDPA's limitations period, where even if the testimony had been presented, the jury still may have chosen to credit the testimony of other witnesses who identified petitioner as the shooter); *See also Hernandez v. Trombley,* No. 06-CV-12037, 2007 WL 1041253, * 5 (E.D. Mich. April 4, 2007).

### B.  Certificate of Appealability

12

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a plain procedural bar is present and no reasonable jurists would find it debatable that this court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). As such, the court will deny Petitioner a certificate of appealability.

13

### III. CONCLUSION

Accordingly, the court DISMISSES WITH PREJUDICE the petition for writ of habeas corpus [Dkt. ## 1, 6] pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 13, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 13, 2008, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522